IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COSMO TECHNOLOGIES LIMITED and SANTARUS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| ALVOGEN PINE BROOK, INC., | ) ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs Cosmo Technologies Limited ("Cosmo") and Santarus, Inc. ("Santarus") (collectively, "Plaintiffs"), for their Complaint against Defendant Alvogen Pine Brook, Inc. ("Alvogen"), hereby allege as follows:

**PARTIES**

1.      Plaintiff Cosmo is an Irish corporation, having its principal place of business at Connolly Building, 42-43 Amiens Street, Dublin, Ireland.

2.      Plaintiff Santarus is a Delaware corporation, having its principal place of business at 8510 Colonnade Center Drive, Raleigh, North Carolina 27615.

3.      Upon information and belief, Alvogen is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 10 Bloomfield Avenue, Pine Brook, New Jersey 07058.  On information and belief, Defendant Alvogen develops, manufactures, and packages numerous generic versions of branded pharmaceutical products for sale and use throughout the United States, including in this judicial District.

## NATURE OF THE ACTION

4.      This is a civil action for infringement of U.S. Patent No. 7,410,651 ("the '651 patent"); U.S. Patent No. 8,784,888 ("the '888 patent"); and U.S. Patent RE 43,799 ("the '799 patent") (collectively, "patents-in-suit").  This action arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant Alvogen because Alvogen is a corporation organized and existing under the laws of the State of Delaware and by virtue of, *inter alia*, having availed itself of the rights and benefits of Delaware law and having engaged in systematic and continuous contacts with the State of Delaware.

7.      This Court further has personal jurisdiction over Defendant Alvogen by virtue of, *inter alia*, the fact that Alvogen has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, including, *inter alia*, Plaintiff Santarus, which is a Delaware corporation.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

9.      On August 12, 2008, the '651 patent, titled "Controlled Release and Taste Masking Oral Pharmaceutical Composition," was duly and legally issued.  A copy of the '651 patent is attached hereto as Exhibit A.

10.   Cosmo is the present owner of the '651 patent.   Santarus holds an exclusive license to the '651 patent.

11.   On July 22, 2014, the '888 patent, titled "Controlled Release and Taste Masking Oral Pharmaceutical Composition," was duly and legally issued.  A copy of the '888 patent is attached hereto as Exhibit B.

12.   Cosmo is the present owner of the '888 patent.   Santarus holds an exclusive license to the '888 patent.

13.   On November 13, 2012, the '799 patent, titled "Controlled Release and Taste Masking Oral Pharmaceutical Composition," was duly and legally reissued.  A copy of the '799 patent is attached hereto as Exhibit C.

14.   Cosmo is the present owner of the '799 patent.   Santarus holds an exclusive license to the '799 patent.

## ACTS GIVING RISE TO THIS ACTION

15.   Santarus holds New Drug Application ("NDA") No. 203634 for oral tablets containing 9 mg of the active ingredient budesonide, which are sold in the United States under the brand name "Uceris®."  Uceris® is indicated for the induction of remission in patients with active, mild to moderate ulcerative colitis.

16.   Pursuant to 21 U.S.C. § 355(b)(1), the '651 patent, the '888 patent, and the '799 patent are listed in the U.S. Food and Drug Administration's ("FDA") publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") as covering Uceris® and its method of use.

17.   Upon information and belief, Alvogen submitted Abbreviated New Drug Application ("ANDA") No. 205556 ("Alvogen's ANDA") to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)).  Upon information and belief,

Alvogen's ANDA seeks FDA approval to engage in the commercial manufacture, use, sale, or offer for sale of tablets containing 9 mg of budesonide ("Alvogen Generic Product") prior to the expiration of the '651 patent, the '888 patent, and the '799 patent.

18.     Upon information and belief, pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act, Alvogen certified in ANDA No. 205556, *inter alia*, that the claims of the '651 patent, the '888 patent, and the '799 patent are invalid, unenforceable, and/or would not be infringed by the commercial manufacture, use, offer for sale, and/or sale of the Alvogen Generic Product.

19.     Plaintiffs received written notification of Alvogen's filing of its ANDA and its accompanying § 505(j)(2)(A)(vii)(IV) certifications directed to, *inter alia,* the '651 patent and the '799 patent, in a letter dated January 16, 2015 and sent via Federal Express ("Alvogen's Paragraph IV Notice Letter").

20.     Alvogen's Paragraph IV Notice Letter also enclosed, *inter alia*, a copy of a letter dated July 28, 2014 and directed to the '888 patent.

21.     Alvogen had previously sent Plaintiffs seven letters, with dates ranging from July 22, 2014 to July 30, 2014, purporting to provide "Notification Pursuant to Section 505(j)(2)(B) of the Federal Food, Drug, and Cosmetic Act for U.S. Patent No. 8,784,888 (NDA No. 203634)."  Upon information and belief, at the time Alvogen sent these letters, the FDA had not provided written confirmation pursuant to 21 C.F.R. § 314.101(b) that the FDA had received Alvogen's ANDA for filing.

22.     Alvogen's Paragraph IV Notice Letter did not provide complete and effective notice under 21 U.S.C. § 355(j)(2)(B)(iii) regarding the '888 patent.

23.     This action was commenced by Plaintiffs within 45 days of the date of the receipt of Alvogen's Paragraph IV Notice Letter.

**FIRST COUNT**
**INFRINGEMENT BY ALVOGEN OF U.S. PATENT NO. 7,410,651**

24.     Plaintiffs re-allege paragraphs 1-23 as if fully set forth herein.

25.     Alvogen's submission of ANDA No. 205556 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constitutes infringement of the '651 patent under 35 U.S.C. § 271(e)(2)(A).

26.     Moreover, if Alvogen manufactures, uses, sells, offers for sale, or imports into the United States any of the Alvogen Generic Product, or induces or contributes to any such conduct, prior to the expiration of the '651 patent, including any applicable exclusivities or extensions, Alvogen would further infringe the '651 patent under 35 U.S.C. § 271(a), (b), and/or (c).

27.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Alvogen's ANDA No. 205556 be a date that is not earlier than the expiration of the term of the '651 patent, including any extension(s) granted by the U.S. Patent and Trademark Office ("PTO") pursuant to 35 U.S.C. §§ 154 or 156, or any later expiration of exclusivity for the '651 patent to which Plaintiffs are or become entitled.

28.     Plaintiffs will be irreparably harmed by Alvogen's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

29.     Upon information and belief, Alvogen was aware of the existence of the '651 patent and was aware that the filing of its ANDA and accompanying

§ 505(j)(2)(A)(vii)(IV) certification with respect to the '651 patent constituted an act of infringement of the '651 patent.

**SECOND COUNT**
**INFRINGEMENT BY ALVOGEN OF U.S. PATENT NO. 8,784,888**

30.     Plaintiffs re-allege paragraphs 1-29 as if fully set forth herein.

31.     Alvogen's submission of ANDA No. 205556 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constitutes infringement of the '888 patent under 35 U.S.C. § 271(e)(2)(A).

32.     Moreover, if Alvogen manufactures, uses, sells, offers for sale, or imports into the United States any of the Alvogen Generic Product, or induces or contributes to any such conduct, prior to the expiration of the '888 patent, including any applicable exclusivities or extensions, Alvogen would further infringe the '888 patent under 35 U.S.C. § 271(a), (b), and/or (c).

33.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Alvogen's ANDA No. 205556 be a date that is not earlier than the expiration of the term of the '888 patent, including any extension(s) granted by the PTO pursuant to 35 U.S.C. §§ 154 or 156, or any later expiration of exclusivity for the '888 patent to which Plaintiffs are or become entitled.

34.     Plaintiffs will be irreparably harmed by Alvogen's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

35.     Upon information and belief, Alvogen was aware of the existence of the '888 patent and was aware that the filing of its ANDA and accompanying

§ 505(j)(2)(A)(vii)(IV) certification with respect to the '888 patent constituted an act of infringement of the '888 patent.

## THIRD COUNT
## INFRINGEMENT BY ALVOGEN OF U.S. PATENT RE 43,799

36.     Plaintiffs re-allege paragraphs 1-35 as if fully set forth herein.

37.     Alvogen's submission of ANDA No. 205556 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constitutes infringement of the '799 patent under 35 U.S.C. § 271(e)(2)(A).

38.     Moreover, if Alvogen manufactures, uses, sells, offers for sale, or imports into the United States any of the Alvogen Generic Product, or induces or contributes to any such conduct, prior to the expiration of the '799 patent, including any applicable exclusivities or extensions, Alvogen would further infringe the '799 patent under 35 U.S.C. § 271(a), (b), and/or (c).

39.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Alvogen's ANDA No. 205556 be a date that is not earlier than the expiration of the term of the '799 patent, including any extension(s) granted by the PTO pursuant to 35 U.S.C. §§ 154 or 156, or any later expiration of exclusivity for the '799 patent to which Plaintiffs are or become entitled.

40.     Plaintiffs will be irreparably harmed by Alvogen's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

41.     Upon information and belief, Alvogen was aware of the existence of the '799 patent and was aware that the filing of its ANDA and accompanying

§ 505(j)(2)(A)(vii)(IV) certification with respect to the '799 patent constituted an act of infringement of the '799 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.      That Alvogen has infringed one or more claims of the '651 patent;

B.      That Alvogen has infringed one or more claims of the '888 patent;

C.      That Alvogen has infringed one or more claims of the '799 patent;

D.      That pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 205556 under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall not be a date that is earlier than the latest expiration date of the patents-in-suit, including any applicable exclusivities or extensions;

E.      That Alvogen, its officers, agents, servants and employees, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from commercially manufacturing, using, offering to sell, selling, or importing into the United States the Alvogen Generic Product and any other product that infringes or induces or contributes to the infringement of one or more claims of the '651 patent, the '888 patent, and the '799 patent prior to their expiration, including any exclusivities or extensions to which Plaintiffs are or become entitled;

F.      That Plaintiffs be awarded the attorney fees, costs, and expenses that they incur prosecuting this action; and

G.      That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Bruce M. Wexler
Joseph M. O'Malley, Jr.
Melanie R. Rupert
David M. Conca
Leonard A. Monfredo II
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

February 27, 2015

8927631