**PHILLIPS, GOLDMAN, McLAUGHLIN & HALL, P.A.**
ATTORNEYS AT LAW
PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DE 19806

JOHN C. PHILLIPS, JR.
jcp@pgmhlaw.com
(302) 655-4200 (P)
(302) 655-4210 (F)

January 3, 2017

**VIA CM-ECF & HAND DELIVERY**
The Honorable Leonard P. Stark        **REDACTED - PUBLIC VERSION**
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re    *Cosmo Techs. Ltd. et al. v. Actavis Labs. FL, Inc.*, C.A. No. 15-164-LPS;
      *Cosmo Techs. Ltd. et al. v. Alvogen Pine Brook LLC*, C.A. No. 15-193-LPS

Dear Chief Judge Stark:

I write on behalf of defendants Actavis Laboratories FL Inc. ("Actavis") and Alvogen Pine Brook LLC ("Alvogen," collectively "Defendants") to request that the Court strike new testing and opinions in the reply reports of Plaintiffs' infringement experts Drs. Atwood and Luk.[1] These new tests and opinions are not responsive to opinions expressed in Defendants' rebuttal reports and are instead intended to help Plaintiffs meet their burden of proof on infringement. Under this Court's scheduling order, such evidence could and should have been included in Plaintiffs' initial round of expert reports. Unless these new tests and opinions are stricken, Plaintiffs will succeed in improperly reversing the sequence of expert proofs ordered by the Court and afford themselves an opportunity to offer entirely new affirmative infringement evidence after having reviewed Defendants' rebuttal evidence. Such gamesmanship should not be tolerated, and Plaintiffs' improper new testing and opinions should be stricken. In the alternative, Defendants should be provided an opportunity to serve supplemental expert reports concerning Plaintiffs' new evidence.

Every claim of U.S. Patent No. 7,410,651 (the "'651 patent") and U.S. Patent No. RE43,799 (the "'799 patent") contains a limitation directed to a "lipophilic matrix consisting of lipophilic compounds with a melting point between 40°C. and 90°C." ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ The construction of the "melting point" term in the patents was contested by all parties, and the Court adopted Defendants' proposed construction, "the temperature at which solid and liquid phases of a compound are at equilibrium," relying on evidence submitted by Defendants' expert Dr. Robin Rogers. D.I. 183 at 12-14.

---

[1] Defendants have prepared highlighted versions of the Luk and Atwood reply reports identifying the material Defendants are asking the Court to strike. *See* Ex. 1 ("Actavis Luk Reply"); Ex. 2 ("Actavis Atwood Reply"); Ex. 7 ("Alvogen Luk Reply"); Ex. 8 ("Alvogen Atwood Reply").

In the wake of the Court's *Markman* order, Plaintiffs served two opening expert reports focused on the "melting point" limitation in both the Actavis and Alvogen cases: one from Dr. Shen Yung Luk reporting tests performed on samples of ▮▮▮▮▮ ▮▮▮▮▮ (Exs. 4 and 10) and a second report from Professor Jerry L. Atwood using Dr. Luk's test results to opine ▮▮▮▮▮ ▮▮▮▮▮ (Exs. 5 and 11). ▮▮▮▮▮
▮▮▮▮▮
▮▮▮▮▮
▮▮▮▮▮
▮▮▮▮▮

In rebuttal, Actavis's expert, Dr. Robin D. Rogers, analyzed Dr. Luk's testing and opined, ▮▮▮▮▮
▮▮▮▮▮
▮▮▮▮▮
▮▮▮▮▮
▮▮▮▮▮
Alvogen offered similar rebuttal expert evidence. *See* Ex. 9 at ¶¶ 23-32, 65-85.

Dr. Atwood's reply report first discussed the opinions rendered and testing performed by Defendants' experts and disagreed with their conclusions. Ex. 2 at ¶¶ 6-17, 26-34; Ex. 8 at ¶¶ 25-31. Defendants disagree with the substance of Dr. Atwood's opinion, but do not object to this testimony as improper. In addition to these proper reply opinions, however, Dr. Atwood also relied upon entirely new testing performed by Dr. Luk to "▮▮▮▮▮
▮▮▮▮▮ [redacted block] ▮▮▮▮▮

None of this new testing is responsive to testing performed by Actavis's or Alvogen's experts, and any of it could and should have been presented in Dr. Luk's and/or Dr. Atwood's opening reports. Neither Dr. Atwood's nor Dr. Luk's reports even attempt to show that the new testing is in rebuttal to the testing or opinions set forth in Defendants' rebuttal reports. *See* Ex. 2 at ¶ 18; Ex. 8 at ¶ 9. ▮▮▮▮▮


███ No party or expert presented ████████████████████████████████████
until Plaintiffs introduced this evidence for the first time in reply. This new testing is not legitimate reply evidence, instead it is an effort by Plaintiffs to "redo" their infringement proofs after seeing Defendants' rebuttal evidence.

Defendants have been severely prejudiced by Plaintiffs' tardy and improper disclosure of this new testing in their reply round of expert reports, which essentially reverses the sequence of disclosure of expert evidence ordered by the Court. ████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████. Defendants currently have no means by which to respond to this new evidence as the scheduling order does not provide for another round of expert reports. Even if Defendants are afforded an opportunity to respond through a supplemental report, however, that will not cure the prejudice because Plaintiffs will have been effectively afforded a "do over" of their infringement proofs after having reviewed Defendants' rebuttal evidence. That result has been repeatedly found as a basis for striking a reply expert report. *See Sunovion Pharm. v. Dey Pharma, L.P.*, C.A. No. 06-113-LPS, 2012 WL 6858144, at *2 (D. Del. Jan. 27, 2012) (affirming decision to preclude an expert from relying on test results that were first disclosed in his reply report and "did not require advance knowledge" of the other side's rebuttal report); *HSM Portfolio LLC v. Elpida Memory Inc.*, C.A. No. 11-770-RGA, 2016 WL 552543, at *2 (D. Del. Feb. 11, 2016) (granting motion to strike new infringement theory advanced in reply report and finding that the submission of a sur-reply report did not cure prejudice to defendants).

Further, a fourth round of expert discovery would prejudice Actavis by requiring additional expense and delaying the expert discovery schedule. Between this prejudice and Plaintiffs' gamesmanship, Dr. Luk's testing should be struck under the *Pennypack* factors, particularly as this new testing is not unduly important since Plaintiffs have asserted that the testing presented in the Luk and Atwood opening reports is sufficient to carry their burden of proof. *See HSM Portfolio*, 2016 WL 552543, at *1 (citing *Pennypack* factors). To the extent the new testing is important, Plaintiffs have acted in bad faith in failing to disclose this information in their opening round of reports. If Plaintiffs' new testing evidence is permitted into the case, parties with the burden of proof will have little incentive to provide full disclosure of their expert opinions in opening reports, knowing that they can insert new evidence in the reply round.

For the reasons set forth above, Defendants respectfully request that the Court strike the new testing in the Luk and Atwood Reply Expert Reports, or in the alternative, grant Defendants permission to serve supplemental expert reports concerning Plaintiffs' new evidence.

Respectfully,

*/s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (#110)

cc: All counsel of record