# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE  19899-1347

(302) 658-9200
(302) 658-3989 FAX

**MARYELLEN NOREIKA**
(302) 351-9278
mnoreika@mnat.com

January 4, 2017 - Original Filing Date
January 11, 2017 - Redacted Filing Date

REDACTED - PUBLIC VERSION

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:  *Cosmo Techs. Ltd. et al. v. Actavis Labs. FL, Inc. et al.*, C.A. Nos. 15-164-LPS, 15-193-LPS

Dear Chief Judge Stark:

Plaintiffs submit this letter in opposition to the January 3, 2017 letter from Defendants Actavis Laboratories FL, Inc. ("Actavis") and Alvogen Pine Brook LLC ("Alvogen") seeking to strike portions of the reply expert reports of Drs. Atwood and Luk served in response to Defendants' rebuttal reports ("disputed evidence").  Defendants do not contest the relevance of the disputed evidence, its helpfulness to the Court in resolving the infringement issues in these cases, or their ability to address the disputed evidence with sur-replies.  For these reasons and those discussed below, the extreme sanction of exclusion is unjustified.

**Dr. Atwood's and Dr. Luk's Reply Reports and Expert Discovery.**  Two of the asserted patents in these cases claim "a lipophilic matrix consisting of lipophilic compounds with a melting point between 40° C. and 90° C."  *See* U.S. Patent No. Re 43,799, Claim 1; U.S. Patent No. 7,410,651, Claim 1. ████████████████████████████████████████████

---

[1] Exhibits 1-11 were attached to Defendants' letter.  Exhibits A-D are attached to this letter.

The Honorable Leonard P. Stark
January 4, 2017
Page 2

During the December 12 meet and confer that followed Defendants' objection, Defendants stated that they wanted either (1) to strike the disputed evidence or (2) leave to submit sur-reply reports. To avoid burdening the Court with needless disputes, Plaintiffs immediately agreed to permit Defendants to serve sur-reply reports. *See* Ex. A. Defendants then backtracked, and instead threatened to seek the draconian remedy of exclusion from the Court unless the reply opinions were withdrawn. None of the experts involved in the disputed reports will be deposed for at least another four weeks. In fact, Defendants suggested delaying Dr. Atwood's deposition until this issue could be resolved. *See* Ex. B. Trial is not set to begin until May 22, 2017.

**The Disputed Evidence Is Proper Rebuttal of Arguments Made by Defendants' Experts.**
Material contained in a reply expert report is proper if it "is intended solely to contradict or rebut evidence ***on the same subject matter*** identified by another party." *See, e.g.*, *Helios Software, LLC v. SpectorSoft Corp.*, 2014 WL 4796111, at *3 (D. Del. Sept. 25, 2014) ("Rebuttal evidence is properly admissible when it will ***explain, repel, counteract or disprove the evidence of the adverse party***.").[2] Accordingly, it is well-established that "[r]eply reports ***may cite new evidence and data*** so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert." *Id.*; *see also, e.g.*, Ex. C, *Merck Sharp & Dohme Corp. v. Fresenius Kabi USA, LLC*, C.A. No. 14-cv-4989-SRC, D.I. 168 (D.N.J. June 13, 2016) ("[S]o long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert and contains merely an elaboration of and is consistent with an opinion/issue previously addressed in the expert's initial report the rebuttal is not problematic."), *aff'd*, D.I. 202 (July 28, 2016). Under this standard, the disputed evidence is proper.



---

[2] Unless otherwise noted, internal citations, quotations, and modifications have been omitted and emphases added.

The Honorable Leonard P. Stark
January 4, 2017
Page 3

Thus, this is not a situation where Plaintiffs are seeking to redo their infringement proofs or intentionally hold relevant evidence in abeyance, but rather are providing evidence that is directly responsive to Defendants' experts' opinions and new testing. In such situations, exclusion is inappropriate. *See, e.g.*, *Helios Software*, 2014 WL 4796111, at *3 (denying motion to exclude: "But after Dr. Nettles leveled his criticisms, Dr. Cohen performed the testing to support his testimony. This is precisely the type of evidence that is intended solely to contradict or rebut evidence on the same subject matter identified by another party that Rule 26(a)(2)(D)(ii) permits in rebuttal."); Ex. D, *Andover Healthcare, Inc. v. 3M Co.*, C.A. No. 13-843-LPS, D.I. 241 (D. Del. Mar. 25, 2016) (refusing to strike supplemental reports containing DSC and XRD analyses); Ex. C, *Merck Sharp & Dohme*, at 2 (denying motion to strike where "additional testing was a direct response to the issues raised in Defendant's own expert report and thus . . . was a proper rebuttal").[3]

**Exclusion of Critical Evidence Is an Extreme Sanction That Is Unwarranted Here.** As this Court has noted, "[i]t bears emphasis that exclusion of 'critical evidence,' such as an expert report on infringement, is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *E.g.*, *B. Braun Melsungen AG v. Terumo Med. Corp.*, 749 F. Supp. 2d 210, 221 (D. Del. 2010) (denying motion to strike). Defendants have fallen far short of such a showing, and here, each of the *Pennypack* factors considered by courts weighs against the extreme sanction of exclusion. ■■■ Further, the Court should have the benefit of a complete record when considering these issues. Second, because Plaintiffs have agreed to allow Defendants sur-replies and because none of the relevant depositions have occurred, Defendants will have ample opportunity to address the disputed evidence without undue prejudice or delay. Third, trial will not be disrupted because there is sufficient time before May 22 for any sur-replies and depositions, and thus the trial will occur on a more fully developed record. Fourth, because the disputed evidence is proper rebuttal evidence included in timely reply reports, there is no failure to disclose. Finally, because Plaintiffs reasonably believe that the testing and analysis is proper reply evidence, there is no bad faith or willfulness, as confirmed by Plaintiffs offering Defendants sur-replies before depositions commence.

For at least these reasons, Plaintiffs respectfully request that the Court deny Defendants' motion.

---

[3] Neither case cited by Defendants justifies exclusion here. In *HSM Portfolio*, the Court struck "a new infringement theory" based on "an entirely new circuit" that was "previously uncharted." 2016 WL 552543, at *2 (D. Del. Feb. 11, 2016). ■■■ *Sunovion Pharms.* is also inapplicable because the report at issue there appears to have been submitted by a new expert in reply, and thus did not elaborate and respond to criticisms of the expert's prior opinions, as is the case here. *See* 2012 WL 6858144, at *1 (D. Del. Jan. 27, 2012).

The Honorable Leonard P. Stark
January 4, 2017
Page 4

                                          Respectfully,

                                          */s/ Maryellen Noreika*

                                          Maryellen Noreika (#3208)

MN/dlw
cc:     Clerk of Court (Via Hand Delivery)
         All Counsel of Record (Via Electronic Mail)