THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COSMO TECHNOLOGIES LIMITED, VALEANT PHARMACEUTICALS INTERNATIONAL, and VALEANT PHARMACEUTICALS LUXEMBOURG S.À R.L., | ) ) ) ) ) | Tgf cevgf 'Hkrikpi 'Fcvg<"Oc{ '32."4239"<br>Qtki kpcn 'Hkrikpi 'Fcvg<"Oc{ '5."4239 |
|        Plaintiffs, | ) ) ) | C.A. No. 15-164-LPS |
|        v. | ) ) ) | **TGF CE VGF '/'RWDNE 'XGTUKQP** |
| ACTAVIS LABORATORIES FL, INC., | ) ) | |
|        Defendant. | ) ) | |

| | | |
|---|---|---|
| COSMO TECHNOLOGIES LIMITED, VALEANT PHARMACEUTICALS INTERNATIONAL, and VALEANT PHARMACEUTICALS LUXEMBOURG S.À R.L., | ) ) ) ) ) ) | |
|        Plaintiffs, | ) ) | C.A. No. 15-193-LPS |
|        v. | ) ) ) | **TGF CE VGF '/'RWDNE 'XGTUKQP** |
| ALVOGEN PINE BROOK, LLC, | ) ) | |
|        Defendant. | ) ) | |

## SUPPLEMENTAL EXHIBIT 16 TO PRETRIAL ORDER

<u>PLAINTIFFS' ADDITIONAL MATTERS</u>

Defendants provided Exhibit 17 to Plaintiffs with less than two hours before the deadline for submitting the Joint Pretrial Order to the Court. These issues have not been the subject of any efforts to meet and confer following their identification and are not ripe for resolution. Plaintiffs reserve the right to supplement this Exhibit 16 and/or to respond to Exhibit 17 as appropriate.

<u>PLAINTIFFS' SUPPLEMENTAL RESPONSE</u>

1.      Defendants' description of the parties' attempts to streamline this case is unfairly one-sided. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

[black redaction bars]

2.      Defendants' description of Plaintiffs' allegedly overlapping experts is inaccurate, is an issue that should have been raised (if at all) in a motion *in limine*, and will in any event necessarily be addressed by the limited amount of trial time allotted to Plaintiffs.  Dr. Edsbacker's testimony will focus primarily on his relevant prior work at AstraZeneca in the late 1990s and why certain alleged prior art formulations failed to deliver budesonide throughout the colon to treat ulcerative colitis.  Dr. Wilson's testimony will focus primarily on his prior work in the specialized technical area of pharmacoscintigraphy, which is an *in vivo* technique used to image the transit of a dosage form through the body to its intended site of delivery.  Dr. Sandborn is a world-renowned gastroenterologist whose testimony will focus on his decades of experience in treating patients with ulcerative colitis and other gastrointestinal ailments, as well as other relevant clinical issues.  Indeed, if Defendants had any evidence of actual duplication among these witnesses, their third motion *in limine* would have been the proper vehicle to address this issue.  Plaintiffs, not Defendants, should decide how much time Plaintiffs will spend

with each of their expert witnesses and what the subject of their respective testimony will be, within the bounds of their Rule 26 reports. Defendants' request that Plaintiffs provide an additional disclosure to Defendants demonstrating that Plaintiffs' experts will not be duplicative is both unnecessary and burdensome given the existing pretrial order disclosure requirements.

3.      Plaintiffs do not object to Actavis's request to close the Courtroom to the public.

4.      Plaintiffs do not object to Alvogen's request to close the Courtroom to the public.

5.      Plaintiffs note that all parties continued to exchange revised versions of documents to be included in the Joint Pretrial Order throughout the day that the Order was filed. (*See, e.g.*, Plaintiffs' Original Exhibit 16 to Pretrial Order). Plaintiffs object to any characterization by Defendants that Defendants were somehow unilaterally prejudiced during this process.

# TAB 1

**REDACTED IN ITS ENTIRETY**

TAB 2

**REDACTED IN ITS ENTIRETY**

# TAB 3

**REDACTED IN ITS ENTIRETY**