IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COSMO TECHNOLOGIES LIMITED, VALEANT PHARMACEUTICALS INTERNATIONAL, and VALEANT PHARMACEUTICALS LUXEMBOURG S.À R.L., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 15-193 (LPS) |
| v. | ) ) | **REDACTED - PUBLIC VERSION** |
| ALVOGEN PINE BROOK, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION
TO ALVOGEN'S MOTION FOR ATTORNEY FEES**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Melanie R. Rupert
Nicholas A. Tymoczko
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

Gary Frischling
Yite John Lu
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

February 19, 2018 - Original Filing Date
February 26, 2018 - Redacted Filing Date

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................... 1

II.    PLAINTIFFS LITIGATED THIS ACTION IN GOOD FAITH ....................................... 2

     A.    Plaintiffs Had a Reasonable Basis for Alleging Infringement and Appropriately Litigated Fact Discovery ................................................................. 2

     B.    Plaintiffs Prevailed on a Number of Claim Construction Issues ......................... 3

     C.    Plaintiffs Developed a Reasonable Infringement Case in Expert Discovery ........ 4

     D.    Plaintiffs Attempted in Good Faith to Narrow the Issues in Advance of Trial, and, Although Ultimately Unsuccessful, Proceeded to Trial with Objectively Reasonable Theories .......................................................... 5

III.    LEGAL STANDARD...................................................................................... 6

IV.    ALVOGEN IS NOT ENTITLED TO SHIFTING OF FEES ........................................ 8

     A.    Plaintiffs' Case with Respect to the '888 Patent Is Not Exceptional .................... 8

     B.    Resolution of This Case Under Rule 52(c) Does Not Support Alvogen's Motion ........................................................................................... 12

     C.    Plaintiffs' Litigation Was Reasonable ................................................................ 14

     D.    Alvogen's Litigation Conduct Is Not Consistent with Its Current Claim that Plaintiffs' Infringement Case Was Exceptional ........................................... 16

     E.    Policy Does Not Support Fee Shifting in this Case ............................................ 17

V.    CONCLUSION............................................................................................ 18

**Cases**

*Amgen Inc. v. F. Hoffman-La Roche Ltd.*,
580 F.3d 1340 (Fed. Cir. 2009)..............................................................................8

*Amgen, Inc. v. Hoechst Marion Roussel, Inc.*,
126 F. Supp. 2d 69 (D. Mass. 2001),
*aff'd in part, vac'd in part*, 314 F.3d 1313 (Fed. Cir. 2003) ..................................13

*Apeldyn Corp. v. Sony Corp.*,
No. 11-440-SLR, 2016 WL 1268146 (D. Del. Mar. 31, 2016) ...........................6, 8

*AstraZeneca AB v. Aurobindo Pharma Ltd.*,
232 F. Supp. 3d 636 (D. Del. 2017)........................................................................8

*Checkpoint Sys., Inc. v. All-Tag Security S.A.*,
858 F.3d 1371 (Fed. Cir. 2017)...............................................................................7

*Effective Exploration, LLC v. Bluestone Nat'l Resources II, LLC*,
No. 16-607, 2018 WL 466246 (E.D. Tex. Jan. 18, 2018).....................................10

*Glaxo Grp. Ltd. v. TorPharm, Inc.*,
153 F.3d 1366 (Fed. Cir. 1998)..............................................................................13

*Honeywell Int'l Inc. v. Fujifilm Corp.*,
708 F. App'x 682 (Fed. Cir. 2018)........................................................................14

*King v. Washington County*,
No. 07-697-ARH, D.I. 44 (W.D. Pa. Jul. 7, 2009) ...............................................13

*Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*,
2017 WL 962760 (D. Del. Mar. 13, 2017) ...........................................................11

*Martek Biosciences Corp. v. Nutrinova, Inc.*,
579 F.3d 1363 (Fed. Cir. 2009)...............................................................................8

*Momenta Pharms., Inc. v. Teva Pharms USA, Inc.*,
60 F. Supp. 3d 261 (D. Mass. 2014) .....................................................................13

*Ortho-McNeil Pharm., Inc. v. Mylan Labs, Inc.*,
348 F. Supp. 2d 713 (N.D. W. Va. 2004) .............................................................13

*Osram Sylvania, Inc. v. Am. Induction Techs., Inc.*,
No. 09-8748, 2011 WL 5143630 (C.D. Cal. Oct. 28, 2011)..................................13

*Otsuka Pharm. Co. v. Sandoz, Inc.*,
No. 07-1000, 2015 WL 5921035 (D.N.J. Oct. 9, 2015) ....................................7, 17

*Par Pharm., Inc. v. TWi Pharm., Inc.*,
No. 11-2466, 2016 WL 5404546 (D. Md. Sept. 27, 2016)..................................7, 8

*Parallel Networks Licensing, LLC v. Int'l Business Machines Corp.*,
No. 13-72-KAJ, 2017 WL 3232422 (D. Del. July 31, 2017) ..................6, 7, 10, 15

*Pfizer Inc. v. Sandoz, Inc.*,
No. 13-1110-GMS, D.I. 322 (D. Del. July 15, 2015) ..........................................13

*Reckitt Benckiser LLC v. Aurobindo Pharma Ltd.*,
No. 14-1203-LPS, 2017 WL 4613643 (D. Del. Oct. 16, 2017),
*appeal filed*, No. 18-1131 (Fed. Cir.)................................................6, 10, 13

*Romag Fasteners, Inc. v. Fossil, Inc.*, 866 F.3d 1330, 1339 (Fed. Cir. 2017).............................16

*Shire Dev. LLC v. Cadila Healthcare Ltd.*,
No. 10-581-KAJ, D.I. 453 (D. Del. Sept. 16, 2016),
*aff'd*, 688 F. App'x 912, 2017 WL 1906927 (Fed. Cir. May 9, 2017) .....................15

*Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns, LLC*,
201 F. Supp. 3d 564 (D. Del. 2016)......................................................19

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
254 F. Supp. 3d 680 (D. Del. 2017)......................................................16

*St. Clair Intellectual Prop. Consultants, Inc. v. Toshiba Corp.*,
No. 09-354-KAJ, 2015 WL 7451158 (D. Del. Nov. 23, 2015),
*aff'd*, 670 F. App'x 707 (Fed. Cir. 2016)........................................6, 10, 15

*Stragent, LLC v. Intel Corp.*,
No. 11-421, 2014 WL 6756304 (E.D. Tex. Aug 6, 2014) (Dyk, C.J.) ....................16

*Supernus Pharm., Inc. v. TWi Pharm., Inc.*,
265 F. Supp. 3d 490 (D.N.J. 2017), *appeal filed*, No. 17-2513 (Fed. Cir.) ............10

*Supernus Pharms. Inc. v. Actavis Inc.*,
No. 13-4740, 2016 WL 527838 (D.N.J. Feb. 5, 2016),
*aff'd*, 665 F. App'x 901 (Fed. Cir. 2016).................................................10

*Teva Pharm. Indus. Ltd. v. AstraZeneca Pharms. LP*,
No. 08-4786, 2012 WL 3063994 (E.D. Pa. July 26, 2012) ..................................13

*Tyco Healthcare Grp. LP v. Mut. Pharm. Co.*,
No. 07-1299, 2016 WL 3965201 (D.N.J. July 7, 2016) ..........................7, 8, 10, 17

*Warner Lambert Co. v. Purepac Pharm. Co.*,
   No. 98-2749, 2003 WL 21698310 (D.N.J. May 22, 2003)................................................14, 17

*Wedgetail, Ltd. v. Huddleston Delux, Inc.*,
   576 F.3d 1302 (Fed. Cir. 2009).....................................................................................................6

**Statutes**

35 U.S.C.
   § 285.............................................................................................................................1, 6, 7, 16

<u>TABLE OF EXHIBITS</u>

| Exhibit No. | Description |
|---|---|
| 1 | Excerpts from Plaintiffs' Initial Infringement Contentions against Alvogen, served November 2, 2015 |
| 2 | Excerpts from Plaintiffs' Supplemental Infringement Contentions against Alvogen, served July 28, 2016 |
| 3 | Excerpts from Defendant Alvogen Pine Brook, LLC's Objections and Responses to Plaintiffs' First Set of Interrogatories (Nos. 1-6), served January 6, 2016 |
| 4 | Excerpts from Alvogen's July 28, 2014 Notification Pursuant to Section 505(j)(2)(B) of the Federal Food, Drug, and Cosmetic Act for U.S. Patent No. 8,784,888 (NDA No. 203634) |
| 5 | Excerpts from Defendant Alvogen Pine Brook, LLC's Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories (No. 1), served July 28, 2016 |
| 6 | *Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations* listing for Uceris® (PTX-0250) |
| 7 | Excerpts from September 15, 2016 Expert Report of Professor Stanley S. Davis |
| 8 | Excerpts from December 1, 2016 Reply Expert Report of Professor Stanley S. Davis |
| 9 | Excerpts from the December 1, 2016 Reply Expert Report of Shen Yung Luk BSC, Ph.D. |
| 10 | Excerpts from the March 15, 2017 Deposition of Reza Fassihi, Ph.D. |
| 11 | Excerpts from Expert Report of Professor Reza Fassihi (Nov. 3, 2016) |
| 12 | April 12, 2017 Email from M. Rupert to M. Becker |
| 13 | April 24, 2017 Email from M. Rupert to M. Becker |
| 14 | April 27, 2017 Email from M. Rupert to Defendants' counsel |
| 15 | May 2, 2017 Email from M. Rupert to Defendants' counsel |
| 16 | May 4, 2017 Email from M. Rupert to Defendants' counsel |
| 17 | Excerpts from the February 16-17, 2017 Deposition Transcript of Stanley S. Davis, Ph.D. |
| 18 | Excerpts from the September 15, 2016 Opening Expert Report of Alan F. Parr |
| 19 | Excerpts from the December 1, 2016 Reply Expert Report of Alan F. Parr |
| 20 | Excerpts from Trial Transcript of *Pfizer Inc. v. Sandoz, Inc.*, No. 13-1110-GMS, D.I. 322 |
| 21 | *Shire Dev. LLC v. Cadila Healthcare Ltd.*, No. 10-581-KAJ, D.I. 453 (D. Del. 2016) |

## I.  INTRODUCTION

Defendant Alvogen Pine Book, LLC's ("Alvogen") motion pursuant to 35 U.S.C. § 285 seeking to have this case declared exceptional and to shift payment of fees and expenses should be denied.  While Plaintiffs did not prevail on their claims of infringement for U.S. Patent No. 8,784,888 ("the '888 patent"), and do not in this response seek to re-litigate the merits of their infringement case, a consideration of the record as a whole shows that this is not the rare case that justifies shifting fees in exception to the general rule applicable to U.S. district court litigation.

Even though ultimately unsuccessful, Plaintiffs had good faith, objectively reasonable, and non-frivolous bases for their assertion of the patents-in-suit.  For example, at the outset of this litigation, Plaintiffs served detailed infringement contentions explaining how they believed Alvogen's ANDA Product met each limitation of the asserted patents, with specific citations to ANDA documents and technical publications.  Likewise in expert discovery, Plaintiffs' infringement experts put forward evidence based on their experience, analyses of Alvogen's ANDA Product, and technical literature addressing infringement of each limitation of the asserted patents.  Although these proofs were ultimately found to be insufficient, they were not objectively unreasonable or made in bad faith.

Although Alvogen now claims in its motion that Plaintiffs' infringement case was frivolous, Alvogen did not previously challenge the adequacy of Plaintiffs' infringement contentions, seek leave to file a summary judgment motion of non-infringement or otherwise seek early disposition of the action, or file a *Daubert* motion contending that Plaintiffs' proposed expert testimony on infringement issues was not based on sufficient facts and data nor the result of reliable principles.  That conduct is consistent with Plaintiffs' good faith litigation of the infringement issues.

Alvogen's motion does not justify a conclusion now that Plaintiffs' allegations, evidence, and strategy in this case were objectively unreasonable, meritless, or requiring of future deterrence. While Plaintiffs were unsuccessful at trial, this case is not exceptional and does not warrant the sanction of shifting fees. For the reasons set forth below, Plaintiffs respectfully request that Alvogen's motion be denied.

## II.    PLAINTIFFS LITIGATED THIS ACTION IN GOOD FAITH

### A.    Plaintiffs Had a Reasonable Basis for Alleging Infringement and Appropriately Litigated Fact Discovery

In 2014 and 2015, Plaintiffs received Alvogen's ANDA, which allowed for an initial evaluation of whether Alvogen's ANDA Product met the limitations of the '888 patent; U.S. Patent No. RE43,799 ("the '799 patent"); and U.S. Patent No. 7,410,651 ("the '651 patent," and together with the '799 patent, the "matrix patents"). On November 2, 2015, in accordance with the Scheduling Order, Plaintiffs served their initial infringement contentions against Alvogen, identifying on a limitation-by-limitation basis how Alvogen's ANDA Product met each limitation of the '888 patent and the matrix patents. With respect to the '888 patent, for example, Plaintiffs identified exemplary support for their contention ███████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████████████[1] With respect to the matrix patents, Plaintiffs identified █████████████████████████████ and provided their bases for their contentions that these components formed a three-component multi-matrix structure.[2]

---

[1]    *See also* ████████████ (similar).

[2]    ██████████████████████████████████████████████ ███████████████

In response, Alvogen only generally asserted that Alvogen's ANDA Product did not infringe the '888 patent, ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████.

Throughout the initial stages of this case and through fact discovery, Plaintiffs took steps to streamline the issues and further develop their infringement positions, without needlessly increasing expense or burden. Plaintiffs asserted only a subset of the patents listed in the Orange Book for Uceris®. *See* Ex. 6. Similarly, Plaintiffs sought only targeted fact discovery from those individuals most involved in the development, regulatory approval, and market analysis of Alvogen's ANDA Product, taking focused depositions of Alvogen witnesses in both individual and Rule 30(b)(6) capacities.

### B. Plaintiffs Prevailed on a Number of Claim Construction Issues

Between December 2016 and June 2017, the parties engaged in multiple rounds of claim construction exchanges and briefing which covered a number of terms, the majority of which were proposed by Defendants, from the asserted patents. For the '888 patent, Defendants proposed a "lexicographical" construction of "macroscopically homogeneous" that imported a number of limitations from the specification (*i.e.*, a matrix containing a dispersion of lipophilic granules containing active ingredient, in a hydrophilic matrix), while Plaintiffs in response offered an interpretation of the term's plain meaning, but stated that construction was not necessary. *E.g.*, D.I. 66 at 1, 18-20; D.I. 67 at 16. Following a *Markman* hearing on July 11, 2017, the Court issued its claim construction decision on September 7, 2017, roughly one week

before opening expert reports were exchanged. D.I. 167-68. In that decision, Defendants' construction of "macroscopically homogeneous" was rejected. *See* D.I. 167 at 7-8.

### C. Plaintiffs Developed a Reasonable Infringement Case in Expert Discovery

In expert discovery, Plaintiffs' infringement case with respect to the asserted patents was based on evidence put forward by respected experts:

- Dr. Stanley S. Davis, an Emeritus Professor of Pharmacy at the University of Nottingham with nearly 50 years of experience in the pharmaceutical sciences, who addressed all of the asserted patents;

- Dr. Jerry L. Atwood, a Curators' Distinguished Professor of Chemistry at the University of Missouri-Columbia, ███████████████████████████████████ ███████████████████████████ ; and

- Dr. Shen Yung Luk, the Chief Scientific Officer at Juniper Pharmaceuticals, ██ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ .

Over the course of the more than 100 pages in his infringement expert reports (in addition to voluminous exhibits), Dr. Davis explained how he believed Alvogen's ANDA Product met each limitation of the asserted patents, citing Alvogen's ANDA, the information represented to the FDA in Alvogen's ANDA, Alvogen's FDA-submitted analytical testing, witness testimony, various technical publications, ██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

[REDACTED] Dr. Davis considered and sought to apply the Court's claim constructions throughout this analysis. Ex. 7, ¶¶ 41-43. Based on all of this evidence and in light of the Court's claim constructions, Dr. Davis opined that Alvogen's ANDA Product infringed the '888 patent and the matrix patents. *See* Ex. 7, ¶¶ 45-225; Ex. 8, ¶¶ 11-58.

Neither following expert discovery, nor at any other point in this case, did Alvogen seek leave to file a motion for summary judgment, as it could have, on any of Plaintiffs' infringement claims. *See* D.I. 19 at 7, 12. Nor did Alvogen file a *Daubert* motion contending that the evidence relied on by Dr. Davis – [REDACTED] – was not the type of evidence on which an expert could reasonably rely in showing infringement of the asserted patents, or that Dr. Davis's opinions were not the result of reliable principles and methods applied to sufficient facts and data.

**D.    Plaintiffs Attempted in Good Faith to Narrow the Issues in Advance of Trial, and, Although Ultimately Unsuccessful, Proceeded to Trial with Objectively Reasonable Theories**

As trial approached, Plaintiffs made numerous efforts to narrow the scope of the case. It was Plaintiffs who first reached out to Alvogen about reducing the number of patents and the claims/defenses to be tried. Ex. 12. Although Alvogen and Actavis rejected Plaintiffs' proposal, Plaintiffs continued to work in good faith to narrow the scope of the case in advance of trial. Exs. 13-16. Contrary to Alvogen's assertions (Br. at 2, 6), not all of Plaintiffs' proposals to narrow the issues for trial required Alvogen to forego all of its invalidity defenses. See Exs. 15-

16. Ultimately, the case proceeded to trial on May 22, 2017 and focused on only claim 9 of the '888 patent. Following Alvogen's Rule 52(c) motion, the Court found that Alvogen did not infringe this claim.

## III. <u>LEGAL STANDARD</u>

"Under the American Rule each party" generally "bears its own attorney fees and expenses" incurred during litigation. *E.g.*, *Wedgetail, Ltd. v. Huddleston Delux, Inc.*, 576 F.3d 1302, 1304 (Fed. Cir. 2009); *St. Clair Intellectual Prop. Consultants, Inc. v. Toshiba Corp.*, No. 09-354-KAJ, 2015 WL 7451158, at *1 (D. Del. Nov. 23, 2015), *aff'd*, 670 F. App'x 707 (Fed. Cir. 2016). Section 285 of the patent statute provides a limited exception for the prevailing party to be awarded attorney fees in "exceptional cases." *E.g.*, *Apeldyn Corp. v. Sony Corp.*, No. 11-440-SLR, 2016 WL 1268146, at *2 (D. Del. Mar. 31, 2016) (grant of summary judgment but denial of fees motion). In deciding whether to award attorney fees under § 285, a court must determine "whether the case is exceptional and, if so, whether an award of attorney fees is justified." *E.g.*, *Apeldyn Corp.*, 2016 WL 1268146, at *2. In determining whether fee shifting is justified, "courts should consider the totality of the circumstances," which may include factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at *2; *Reckitt Benckiser LLC v. Aurobindo Pharma Ltd.*, No. 14-1203-LPS, 2017 WL 4613643, at *1 (D. Del. Oct. 16, 2017) (denying fees motion), *appeal filed*, No. 18-1131 (Fed. Cir.); *Parallel Networks Licensing, LLC v. Int'l Business Machines Corp.*, No. 13-72-KAJ, 2017 WL 3232422, at *1 (D. Del. July 31, 2017) (same).

"Following *Octane Fitness*, the Federal Circuit has instructed that the purpose behind § 285 is to prevent a party from suffering a 'gross injustice' and that the exercise of discretion in favor of awarding attorney fees should be bottomed upon a finding of unfairness or bad faith in

the conduct of the losing party, or some other equitable consideration which makes it grossly unjust that the winner be left to bear the burden of his own counsel fees." *Parallel Networks*, 2017 WL 3232422, at *1 (*citing Checkpoint Sys., Inc. v. All-Tag Security S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017));[3] *Otsuka Pharm. Co. v. Sandoz, Inc.*, No. 07-1000, 2015 WL 5921035, at *7 (D.N.J. Oct. 9, 2015) ("A review of post-*Octane* cases reveals that most cases awarding fees continue to involve substantial litigation misconduct."). "In other words, fee awards are not to be used as a penalty for failure to win a patent infringement suit." *E.g.*, *Parallel Networks*, 2017 WL 3232422, at *1.

Thus, "whether a party's arguments are successful at trial is not dispositive in the assessment of the strength of the arguments." *Tyco Healthcare Grp. LP v. Mut. Pharm. Co.*, No. 07-1299, 2016 WL 3965201, at *3 (D.N.J. July 7, 2016); *Par Pharm., Inc. v. TWi Pharm., Inc.*, No. 11-2466, 2016 WL 5404546, at *2 (D. Md. Sept. 27, 2016) ("[I]t is not enough for [movant] to show that it prevailed on the merits."). "[W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims." *Tyco Healthcare*, 2016 WL 3965201, at *3; *Otsuka Pharm.*, 2015 WL 5921035, at *2, 6 (same).

After *Octane Fitness*, courts have also recognized that "the absence" of "inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement . . . weighs against" an award of fees. *E.g.*, *AstraZeneca AB v. Aurobindo Pharma Ltd.*, 232 F. Supp. 3d 636, 649-50 (D. Del. 2017). Likewise, "[c]ases which may merit an award of attorney fees include the rare case in which a party's unreasonable conduct – while not necessarily independently sanctionable – is nonetheless

---

[3]     Unless otherwise noted, all emphases have been added and all internal quotations, modifications, and citations omitted.

so 'exceptional' as to justify an award of fees or a case presenting either subjective bad faith or exceptionally meritless claims." *E.g.*, *Apeldyn Corp.*, 2016 WL 1268146, at *2; *Par Pharm.*, 2016 WL 5404546, at *2 (denying fees motion where, *inter alia*, the movant did not demonstrate "by a preponderance of the evidence, that [plaintiff] acted in subjective bad faith or with objective unreasonableness"); *Tyco Healthcare*, 2016 WL 3965201, at *3 ("[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award.").

In this motion, the burden is on Alvogen to prove "the merits of [its] contentions by a preponderance of the evidence." *Apeldyn Corp.*, 2016 WL 1268146, at *2. Alvogen has not done so.

## IV. ALVOGEN IS NOT ENTITLED TO SHIFTING OF FEES

### A. Plaintiffs' Case with Respect to the '888 Patent Is Not Exceptional

Alvogen is incorrect that this case is exceptional on the basis that Plaintiffs proceeded to trial on the '888 patent. As an initial matter, although Plaintiffs were unsuccessful because the Court found a lack of visual inspection of the tablets themselves by Plaintiffs' expert, that does not demonstrate that this is an exceptional case. "A patentee may prove infringement by any method of analysis that is probative of the fact of infringement, and circumstantial evidence may be sufficient." *E.g.*, *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1372 (Fed. Cir. 2009).[4] In this case, at trial and in post-trial briefing, Plaintiffs sought, albeit unsuccessfully, to establish that the tablet core of Alvogen's ANDA Product was a macroscopically homogeneous composition – *i.e.*, of uniform structure throughout, as observed by the naked eye – ███████

---

[4]    *See also Amgen Inc. v. F. Hoffman-La Roche Ltd.*, 580 F.3d 1340, 1384-86 (Fed. Cir. 2009) (rejecting argument that claim language stating "determined by radioimmunoassay [RIA]" required "offering RIA data into evidence" and concluding that it was permissible to rely on other tests submitted to the FDA and expert testimony).



And although unsuccessful, Plaintiffs were consistent in their approach and did not take any position at trial that was different from the positions they articulated during claim construction and going into the trial.[7]

Ultimately the Court found that Plaintiffs' evidence failed to meet the burden of proof, and Plaintiffs do not intend to use this response to re-litigate the merits of their infringement case. The range of evidence, however, does show that Plaintiffs' infringement case was not so objectively unreasonable, frivolous, or exceptionally weak as to justify the sanction of fees. *See,*

---

[5]

[6]     Citations to the trial transcript, D.I. 229 and D.I. 231, are designated as "Trial Tr."

[7]     *See* D.I. 66, at 1, 18-20; D.I. 74 at 14-17; D.I. 76, ¶¶ 55-59; D.I. 143 at 4-5; D.I. 148 at 1-6; D.I. 149, ¶¶ 10-17; D.I. 167 at 7-8; D.I. 233 at 15.

*e.g.*, *Reckitt Benckiser*, 2017 WL 4613643, at *2-3 (denying attorney fee motion where patentee relied on performance testing in attempting to prove infringement of a formulation claim: "Nor is this the unusual case that is entirely devoid of an infringement theory"); *Parallel Networks*, 2017 WL 3232422, at *2 (D. Del. July 31, 2017) (refusing to award fees where plaintiff's "claims were not entirely and objectively baseless"); *Tyco Healthcare*, 2016 WL 3965201, at *3 ("Where a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims."); *St. Clair*, 2015 WL 7451158, at *2 (finding patentee's "position on this issue was not so unsupported as to be 'exceptional'" and denying fees motion even though patentee "did not did not have evidence directly showing infringement"); *Effective Exploration, LLC v. Bluestone Nat'l Resources II, LLC*, No. 16-607, 2018 WL 466246, at *2 (E.D. Tex. Jan. 18, 2018) ("[Patentee] lost because of a failure of proof, which does not make this case stand out from any other patent case lost at summary judgment.").[8]

Alvogen is incorrect that "Plaintiffs hid any direct evidence from their infringement expert, Dr. Davis." Br. at 10. ██████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

---

[8]    Evidence of a generic's manufacturing process and its FDA-required uniformity testing has been relied upon by others to show that a given product is "homogeneous." *See Supernus Pharm., Inc. v. TWi Pharm., Inc.*, 265 F. Supp. 3d 490, 500-10 & n.7 (D.N.J. 2017) (concluding that consideration of manufacturing process and FDA-required uniformity testing, including blend and content uniformity, sufficed to establish a "homogeneous matrix"), *appeal filed*, No. 17-2513 (Fed. Cir.); *Supernus Pharms. Inc. v. Actavis Inc.*, No. 13-4740, 2016 WL 527838, at *10-15 (D.N.J. Feb. 5, 2016) (relying, *inter alia*, on manufacturing process and controls, and blend and content uniformity testing in finding ANDA product infringed "homogeneous matrix" limitation), *aff'd*, 665 F. App'x 901 (Fed. Cir. 2016).  These decisions, though not controlling on the issue of infringement here, reflect that Plaintiffs were not objectively unreasonable in offering their theory of infringement, even though it was ultimately unsuccessful in this case.



[9] Alvogen's suggestions of untoward motives are not well founded and should be rejected.

Furthermore, while Alvogen now contends that visual inspection was the *sine qua non* of the Court's claim construction, it did not previously articulate such a position. In its non-infringement interrogatory responses, Alvogen never contended that it did not infringe because its ANDA Product was non-uniform to the naked eye, nor did it contend that its tablet core was non-uniform generally, even though it had access to its tablets. *See* Ex. 3 at 5-6; Ex. 4

---

[9] Alvogen also made clear that it would object at trial if Plaintiffs tried to show Dr. Davis the tablets. *See* Trial Tr. at 54:6-8. Accordingly, Alvogen's reliance on *Magnetar* (*see* Br. at 11-12) is unpersuasive. In that case, the Court awarded fees after granting summary judgment of invalidity and non-infringement where the only living named inventor for one of the asserted patents testified that someone else was responsible for the claimed invention (thereby corroborating defendant's incorrect inventorship defense), and plaintiffs' only evidence of infringement was a report characterized by the Federal Circuit during oral argument as a "joke" that "violated every rule of civil procedure" and was subsequently excluded, leaving plaintiffs with no evidence of infringement at all. *See Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, 2017 WL 962760, at *2-3, 7-16 (D. Del. Mar. 13, 2017). No such facts are present here.

at 16-18; Ex. 5 at 7-8. Rather, Alvogen broadly asserted non-infringement, reciting the claim language. Ex. 5 at 7-8. This is inconsistent with Alvogen's claim now that Plaintiffs' infringement case under the plain meaning of "macroscopically homogenous" was objectively unreasonable. Likewise, in support of its anticipation and obviousness invalidity arguments, Alvogen and its experts did not contend that visual inspection of physical samples of prior art products was necessary, for example by re-creating prior art tablets.[10] Instead, Alvogen cited and relied on prior art disclosures concerning general (and potentially theoretical) manufacturing processes, such as blending, even though Alvogen had the higher burden of proving by clear and convincing evidence that such processes would result in macroscopic homogeneity as construed by the Court.[11] Because the case was resolved on non-infringement grounds, the Court did not receive these contentions. Thus both parties recognized throughout this case that different kinds of evidence may be potentially relevant to the macroscopic homogeneity claim limitation.

**B.      Resolution of This Case Under Rule 52(c) Does Not Support Alvogen's Motion**

Alvogen asserts (Br. at 1, 9-10) that the fact that Plaintiffs' infringement claim was decided under Rule 52(c) renders this case exceptional. That assertion is in error. Claims and defenses in patent infringement cases are resolved under Rule 52(c) without a subsequent finding that the case was exceptional or that attorney fees were warranted. *See, e.g.*, *Pfizer Inc. v. Sandoz, Inc.*, No. 13-1110-GMS, D.I. 322 (Ex. 20) at 660:16-19 (D. Del. July 15, 2015) (granting Rule 52(c) motion regarding anticipation; no subsequent fees motion filed); *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 126 F. Supp. 2d 69, 78-79, 116-17 (D. Mass. 2001)

---

[10]      *See e.g.*, D.I. 199, Ex. 3, ¶¶ 127, 141, 168, 174, 190, 274, 277, 287, 347-48; Ex. 18, ¶¶ 98-99, 129, 166, 235, 283; Ex. 19, ¶¶ 68, 85.

[11]      *See, e.g.*, D.I. 199, Ex. 3, ¶¶ 127, 141, 168, 287; Ex. 18, ¶¶ 98-99, 129, 166, 235, 283; Ex. 19, ¶ 85.

(granting Rule 52(c) motions regarding non-infringement of asserted '698 patent and validity defenses for other patents; no subsequent fees motions filed), *aff'd in part, vac'd in part*, 314 F.3d 1313, 1346 (Fed. Cir. 2003) (vacating certain Rule 52(c) findings); *Ortho-McNeil Pharm., Inc. v. Mylan Labs, Inc.*, 348 F. Supp. 2d 713, 720, 730-31 (N.D. W. Va. 2004) (entering judgment under Rule 52(c) on prior invention and indefiniteness defenses; no subsequent fees motion filed).[12]

Indeed, attorney fees motions in Hatch-Waxman cases decided against the patentee on summary judgment – which employs a more deferential standard to the non-movant under which "all reasonable inferences must be drawn and all factual disputes resolved in favor of the non-movant" in deciding whether "there is no genuine issue as to any material fact"[13] – are often denied. *See, e.g.*, *Reckitt Benckiser*, 2017 WL 4613643, at *1-2 (denying defendants' fee motion after summary judgment was entered on plaintiff's infringement claims); *Momenta Pharms., Inc. v. Teva Pharms USA, Inc.*, 60 F. Supp. 3d 261, 261-62 (D. Mass. 2014) (denying defendant's motion for attorney fees after it obtained summary judgment of non-infringement and plaintiff unilaterally dropped the only other asserted patent); *see also Teva Pharm. Indus. Ltd. v. AstraZeneca Pharms. LP*, No. 08-4786, 2012 WL 3063994, at *1-2 (E.D. Pa. July 26, 2012) (denying defendant's motion for attorney fees after it prevailed on summary judgment holding patent invalid under section 102(g)(2)); *Warner Lambert Co. v. Purepac Pharm. Co.*, No. 98-2749, 2003 WL 21698310, at *3-4 (D.N.J. May 22, 2003) (granting unopposed summary

---

[12]      *See also, e.g.*, *Osram Sylvania, Inc. v. Am. Induction Techs., Inc.*, No. 09-8748, 2011 WL 5143630, at *1 (C.D. Cal. Oct. 28, 2011) (granting patentee's Rule 52(c) motion with respect to defendant's inequitable conduct claim at the close of evidence; patentee did not move for fees). In light of these patent cases granting Rule 52(c) motions on a number of issues, Alvogen's reliance on *King v. Washington County*, No. 07-697-ARH, D.I. 44 (W.D. Pa. Jul. 7, 2009, a §1983 case brought by a former prisoner against the county jail, is inapposite.

[13]      *See, e.g.*, *Glaxo Grp. Ltd. v. TorPharm, Inc.*, 153 F.3d 1366, 1370 (Fed. Cir. 1998).

judgment motion of non-infringement but refusing to award attorney fees); *see also Honeywell Int'l Inc. v. Fujifilm Corp.*, 708 F. App'x 682, 684 (Fed. Cir. 2018) ("[L]osing a summary judgment motion should not automatically result in a finding of exceptional conduct"). Thus, the procedural posture under which this case was resolved does not render it exceptional or support an award of fees.

## C. Plaintiffs' Litigation Was Reasonable

Alvogen also contends that Plaintiffs' decision not to proceed to trial on the matrix patents justifies an award of fees. Br. at 12-13. That is not correct. As an initial matter, Alvogen has expressly agreed to bear its own fees and expenses for the matrix patents, thereby acknowledging that Plaintiffs' infringement and validity positions were not exceptional. *See* D.I. 209 at 2.[14] Moreover, the timing of Plaintiffs' decision not to move forward with the matrix patents does not evidence gamesmanship, bad faith, or improper motive. As trial approached, Plaintiffs worked diligently and in good faith to narrow the scope of this case. For example, Plaintiffs proposed trying only representative claims of other patents, and not proceeding to trial on the matrix patents. Ex. 12. Plaintiffs continued to work in good faith to narrow the scope of the case, asking for Alvogen's and Actavis's counterproposal (Exs. 13-14), and providing revised proposals limiting the issues to be tried, some of which still included invalidity defenses (Exs. 15-16). Following the pretrial conference, Plaintiffs intended to proceed to trial on the matrix patents as well as the '888 patent. Alvogen should not be seeking through this motion a ruling that would disincentivize good-faith reduction of issues for the Court.

---

[14] Alvogen cites stipulations concerning several other patents as evidence of its efforts to streamline the case. Br. at 12 (citing D.I. 184, 185, 197). In each case, though, the patents that were subject to those stipulations were never asserted by Plaintiffs (*see* D.I. 1, 48, 116), and Alvogen unilaterally introduced them into the case through counterclaims (*see* D.I. 9, 54, 118).

On May 9, 2017, four days after the pretrial conference, the Federal Circuit affirmed the District of Delaware's finding in a different action of non-infringement on U.S. Patent No. 6,773,720.[15]  *See Shire Dev. LLC v. Cadila Healthcare Ltd.*, 688 F. App'x 912, 2017 WL 1906927 (Fed. Cir. May 9, 2017) (*affirming* No. 10-581-KAJ, D.I. 453, Ex. 21).  The *Shire* opinion affirmed addressed a number of issues that also had potential pertinence to Plaintiffs' infringement case for the matrix patents in this case, ███████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████████████████.  *See* Ex. 21 at 22-35, 38-40.  Following a careful and expeditious analysis of the significance of the Federal Circuit's affirmance in *Shire*, Plaintiffs Valeant and Cosmo decided not to proceed to trial with the matrix patents, and so informed Alvogen and the Court on May 17 and May 18, respectively.  D.I. 210.

While Alvogen objected to the timing of Plaintiffs' decision, the chronology of events shows this significant decision was made by both Plaintiffs Valeant and Cosmo promptly and as part of the culmination of a good-faith, reasonable effort to streamline the issues for trial.  *See, e.g.*, *St. Clair*, 2015 WL 7451158, at *3 ("[C]hang[ing] positions in the course of litigation does not make this case exceptional.  Parties should abandon positions or claims when it appears they are unlikely to prove fruitful."); *Parallel Networks*, 2017 WL 3232422, at *2 (rejecting argument that plaintiff "pursued this case in a manner calculated to drive up IBM's costs by maintaining the suit after it became clear that it had no factual basis for its allegations" where the record showed that plaintiff "did reduce the number of accused products and disputed claim terms,

---

[15]     The '720 patent names the same inventors as the matrix patents in this case, and also has some similar claim language and specification text, although the claims of the '720 patent cover a different multi-matrix product (Lialda® extended-release tablets).

though not as quickly as IBM wanted").[16]   Accordingly, neither the substantive merits of Plaintiffs' case (as recognized by Alvogen with respect to the matrix patents) nor the manner in which it was litigated warrant an award of attorney fees.

D.     **Alvogen's Litigation Conduct Is Not Consistent with Its Current Claim that Plaintiffs' Infringement Case Was Exceptional**

Although Alvogen now asserts that Plaintiffs' infringement case generally was exceptionally meritless, Alvogen did not previously challenge the sufficiency of Plaintiffs' infringement contentions, seek leave to file a summary judgment motion for non-infringement for any of the asserted patents, or file a *Daubert* motion contending that Dr. Davis's opinions were not based on sufficient facts and data nor the result of reliable methods.  *See, e.g.*, *Romag Fasteners*, 866 F.3d at 1339 (reversing award of fees under 35 U.S.C. § 285 and finding that prevailing party's failure to move for summary judgment "suggest[ed] that [it] did not always view [defendant's] indefiniteness argument as frivolous"); *Stragent, LLC v. Intel Corp.*, No. 11-421, 2014 WL 6756304, at *5 (E.D. Tex. Aug 6, 2014) (Dyk, C.J.) ("There is little injustice in forcing Intel to bear its own attorney's fees for defending a claim it did not challenge on summary judgment.").   Similarly, Alvogen continued to dispute the claim construction of "macroscopically homogeneous" throughout the *Markman* process, which is in tension with its assertion now that Plaintiffs could not possibly have shown infringement under Plaintiffs' proposed construction.

Alvogen also continued to advance multiple non-infringement theories for the '888 patent through the filing of the pretrial order.  *See* D.I. 199, Ex. 5, ¶¶ 171-78.  ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[16]     Alvogen's citation to *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 254 F. Supp. 3d 680, 721-24 (D. Del. 2017) is distinguishable.  *See* Br. at 13.  In that case, the party subject to fee-shifting was also found to have willfully infringed, resulting in enhanced damages, and to have pursued and engaged in a pattern of sanctionably aggressive litigation.  *Id.* at 721-24.

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████ Alvogen dropped these assertions

only on the eve of trial. Further, Alvogen vigorously litigated invalidity contentions on each of

the asserted patents through trial and only sought to forego them after the Court's non-

infringement ruling (Trial Tr. 341:3-10), relying on theories of obviousness that sought to rely on

evidence of macroscopic homogeneity in a manner consistent with Plaintiffs' theory of

infringement, as discussed above. Taken as a whole, Alvogen's conduct confirms that Plaintiffs'

case was not objectively unreasonable or frivolous.

### E. Policy Does Not Support Fee Shifting in this Case

This is not a case involving a form of conduct that should be punished as a matter of

policy. As explained above, Plaintiffs' infringement positions were not frivolous, objectively

unreasonable, or brought in bad faith. And the broader pattern of conduct in this case shows that

it was not exceptional. Although Uceris® is covered by a portfolio of at least 10 patents with

different expiration dates ranging from June 2020 to September 2031, Plaintiffs, after careful

consideration, asserted only a subset of these patents from the early stages of the case. *See* Ex.

21; D.I. 1; D.I. 48; D.I. 116. This case concerned a number of technical issues concerning

infringement, and the fact that Plaintiff did not prevail does not justify an award of fees.[17]

---

[17] Courts generally recognize that the Hatch-Waxman Act "may require parties to engage in litigation in order to achieve the statute's objectives." *Otsuka Pharm. Co.*, 2015 WL 5921035, at *3; *see also Tyco Healthcare*, 2016 WL 3965201, at *5; *Warner Lambert*, 2003 WL 21698310, at *3-4.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Alvogen's Motion.[18]

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Melanie R. Rupert
Nicholas A. Tymoczko
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

Gary Frischling
Yite John Lu
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

February 19, 2018  - Original Filing Date
February 26, 2018 - Redacted Filing Date

---

[18]    Plaintiffs filed an appeal in this case prior to Alvogen's motion, and submit that it is appropriate to defer resolution of this motion until the appeal is decided. *E.g.*, *Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns, LLC*, 201 F. Supp. 3d 564, 566 (D. Del. 2016).  Alvogen states that it if this case is found exceptional and fees are determined to be warranted, it "will provide an accounting of its fees and expenses." Br. at 15.  Plaintiffs request an opportunity to respond to the specific amount of fees requested by Alvogen, including evaluation of underlying evidence and documentation in support of the specific amount requested, if the Court finds fee shifting appropriate.